that the defendant Menno Neuhauser was a party to the contract with plaintiff, and no evidence tending to show any liability on his part to the plaintiff to account for any portion of the consideration received from the sale of the property by his brother David Neuhauser, the judgment against him should be reversed as being contrary to law, and final judgment entered in his favor. And for the reasons above mentioned, the judgment against David Neuhauser should be reversed but final judgment in his favor should not be entered, so that plaintiff may be afforded an opportunity to litigate any claim he may have against him on account of the transaction.

As neither of the Neuhausers were parties to the contract between the plaintiff and the fox company, the fox company is not liable to plaintiff for the difference between the amount for which the real estate was held as security and the amount realized by David Neuhauser from the sale of such real estate, but is only liable to the plaintiff for the difference between the amount for which said property was held as security and the amount it realized on the sale of said property. The amount it realized on the sale of said property, as shown by the undisputed evidence, was $1250 which is much less than the amount for which the plaintiff claimed said real estate was held by the fox company as security, and consequently on the petition and the evidence in this case, the plaintiff is not entitled to recover any amount from the fox company, and the judgment against the fox company should be reversed.

The oral evidence of the plaintiff with reference to his contract with the defendant fox company is directly contradicted by his letter of January 20, 1928, which was offered in evidence, and taking this fact into consideration together with the other evidence in the case as to the terms of the contract, the verdict and judgment are against the weight of the evidence on this issue.

The verdict and judgment are also against the weight of the evidence on the issue of the value of the consideration received by David Neuhauser on the sale of the property to Petersime, the evidence of the plaintiff on this issue being based on trade value as distinguished from market value and plaintiff's opinion as to the value of the property about eleven months preceding the date of sale, which evidence is opposed by the evidence of the Neuhausers to the effect that the value did not exceed $1250.

As this case may be retried, we deem it advisable, although this error is not specified in the briefs, to call attention to the fact that the court in his charge failed to define the issues in the case, as required by §11447, GC. B. & O. R. R. Co. v Lockwood, 72 Oh St 586. 109 Oh St 125. 120 Oh St 400. 122 Oh St 560.

Holding these views, the judgment as to all the defendants will be reversed and final judgment will be entered for the defendant Menno Neuhauser, at costs of defendant in error and the cause will be remanded for further proceedings according to law.

CROW, PJ, and KLINGER, J, concur.

## INDEMNITY INSURANCE CO v PHILIPPI
## INDEMNITY INSURANCE CO v EHLEN
## INDEMNITY INSURANCE CO v SCUDDER

Ohio Appeals, 2nd Dist, Franklin Co

Decided Jan 30, 1934

Phil S. Bradford, Columbus, and Charles S. Druggan, Columbus, for plaintiff in error.

Morton, Blanchard & Tou Velle, Columbus, and Ernest Cornell for defendants in error.

For full opinion see 1 OO 212; 192 NE 884; 48 Oh Ap 248.